ATTORNEY FOR APPELLANT
Regunal R. Dowell, *pro se*
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Ann L. Goodwin
Special Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 32S01-0709-CR-352

REGUNAL R. DOWELL,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Hendricks Circuit Court,
No. 32C01-0510-FB-13,
The Honorable Jeffrey V. Boles, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 32A01-0606-CR-263

**September 10, 2007**

**Per Curiam.**

Following a jury trial, Regunal R. Dowell was convicted of three counts of rape as a class

B felony, one count of criminal deviate conduct as a class B felony, and one count of criminal

confinement as a class D felony,[1] and was sentenced to an aggregate executed term of 43 years. The Court of Appeals affirmed the convictions and sentence in Dowell v. State, 865 N.E.2d 1059 (Ind. Ct. App. 2007), and Dowell petitioned to transfer jurisdiction to this Court. We grant transfer to address the Court of Appeals' resolution of a conflict between the trial court's oral pronouncement of sentence and the written sentencing order.

After finding aggravating and mitigating circumstances, the trial court sentenced Dowell to 20 years for one count of rape, concurrent with 20 years for criminal deviate conduct, 20 years each for the other two rapes, concurrent with each other but consecutive to the other sentences, and three years for criminal confinement, consecutive to the other sentences. At one point in the sentencing hearing, the trial court indicated that the three-year sentence was suspended, which would have resulted in an aggregate executed term of 40 years. The written sentencing order, however, stated the three-year sentence was to be executed with no time suspended, which would result in a 43-year term.

In addressing Dowell's argument that he is entitled to the more lenient sentence, the Court of Appeals cites Marshall v. State, 621 N.E.2d 308, 323 (Ind. 1993), for the proposition that a trial court's oral sentencing statement controls over the written judgment order. Only days before the Court of Appeals' decision in this case, we addressed the issue of conflicting statements by trial courts in McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007):

---

[1] Ind. Code. § 35-42-4-1(a) (rape); Ind. Code § 35-42-4-2(a) (criminal deviate conduct); Ind. Code § 35-42-3-3(a) (criminal confinement).

Rather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the conclusions of the trial court. This Court has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. This is different from pronouncing a bright line rule that an oral sentencing statement trumps a written one.

(citation omitted).

We grant transfer to apply McElroy. As Dowell points out, the trial court did state at the sentencing hearing that the three-year sentence was suspended.[2] However, both immediately before and after that statement, the trial court announced its intention to follow the recommendation in the pre-sentence report.[3] The pre-sentence report recommended that the 3-year sentence be executed with no time suspended.[4] We agree with the Court of Appeals that the trial court's intent was to impose the sentence recommended in the pre-sentence report, which called for an executed three-year sentence on the criminal confinement conviction.

Accordingly, we grant transfer of jurisdiction, address the conflict between the oral pronouncement of sentence and the written sentencing order, affirm the 43-year executed sentence as stated in the trial court's written sentencing order, and summarily affirm the remaining portions of the Court of Appeals opinion. *See* App. R. 58(A)(2).

All Justices concur.

---

[2](Appellant's App. p. 240 ("[S]o on case one I'm going to order you sentenced to twenty years in the Indiana Department of Corrections [with credit for time served in pre-trial detention] to run concurrently [to] count two but consecutive to counts three and four, and twenty years on count two to run concurrent with count one but consecutive to three, four and five, three years executed on count three, suspended, to run consecutive to all other counts, twenty years executed to run concurrent to count five but consecutive to one, two and three, and twenty years executed to run concurrent to count four, but consecutive to counts one, two and three.").)

[3](Appellant's App. p. 238 ("[M]y opinion in sentencing you in this case follows the recommendations [of the probation officer] that are well thought out."); Appellant's App. p. 241 (In response to defense counsel's questions on how many years were to be executed, the trial court responded: "[T]he pre-sentence investigation sets those out . . . on . . . page ten.").)

[4](Appellant's App p. 192.)