**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRYAN E. BARRETT**
Rush County Public Defender's Office
Rushville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN HARRELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 70A01-1112-CR-590 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE RUSH CIRCUIT COURT
The Honorable David E. Northam, Judge
Cause No. 70C01-1109-FD-625

**August 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

John Harrell appeals his sentence following his conviction for possession of stolen property, as a Class D felony, pursuant to a guilty plea. Harrell presents a single issue for our review, namely, whether the trial court abused its discretion when it sentenced him.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 22, 2011, the State charged Harrell with possession of stolen property, as a Class D felony; criminal mischief, as a Class D felony; and theft, as a Class D felony. Thereafter, the State moved to add an additional count of attempted theft, as a Class D felony, and an habitual offender enhancement. But before the trial court conducted a hearing on that motion, Harrell pleaded guilty to possession of stolen property, as a Class D felony. The State dismissed the remaining charges in exchange for his guilty plea. The plea agreement left sentencing open to the trial court's discretion. Following a hearing, the trial court sentenced Harrell to three years executed. This appeal ensued.

## DISCUSSION AND DECISION

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

2

One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .

[However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

Harrell's sole contention on appeal is that "the record is unclear . . . as to whether or not the trial court gave the Defendant proper mitigating credit, not mitigating weight, for his guilty plea." Brief of Appellant at 5. First, Harrell does not adequately distinguish between the "credit" given for a guilty plea versus the "mitigating weight" given. The trial court clearly identified Harrell's guilty plea as a mitigating circumstance. To the extent Harrell argues that the trial court improperly weighed his guilty plea, again, we may not review the weight assigned by the trial court to an aggravating or mitigating circumstance. Anglemyer, 868 N.E.2d at 490–91.

To the extent Harrell maintains that the trial court's oral sentencing statement was unclear on the issue of mitigating weight given to his guilty plea, we cannot agree. Regardless, the trial court's written sentencing statement is clear. And when a conflict occurs between oral and written sentencing statements, the court on review has the "option of crediting the statement that accurately pronounces sentence or remanding for resentencing." Dowell v. State, 873 N.E.2d 59, 60 (Ind. 2007) (quoting McElroy v. State, 865 N.E.2d 584, 589 (Ind. 2007)). We reject Harrell's contention that he

3

"received no benefit" at sentencing in light of his guilty plea.[1]  Brief of Appellant at 7. The trial court unequivocally gave mitigating weight to Harrell's guilty plea, "including an acknowledgement of remorse."  Appellant's App. at 48.  But the trial court identified Harrell's "substantial" criminal history, including five felony convictions, as an aggravating circumstance and found that the aggravator outweighed the mitigator in imposing a three-year sentence.  Id.  The trial court did not abuse its discretion when it sentenced Harrell.

Affirmed.

KIRSCH, J., and MAY, J., concur.

---

[1]  We note that the trial court gave mitigating weight to Harrell's guilty plea despite the significant benefit he received from the State in exchange for the plea, namely, the dismissal of the other charges.  Further, Harrell faced an habitual offender enhancement, which the State did not pursue following the guilty plea.