## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 11 2018, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean C. Mullins
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jarvis Latwon McNeal,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 11, 2018

Court of Appeals Case No.
18A-CR-1298

Appeal from the Lake Superior Court

The Honorable Diane Ross Boswell, Judge

Trial Court Cause No.
45G03-1703-F5-23

**Crone, Judge.**

# Case Summary

Jarvis Latwon McNeal appeals the three-year sentence imposed by the trial court following his guilty plea to level 5 felony carrying a handgun without a license. He asserts that the trial court abused its discretion because its sentencing statement is ambiguous and inadequate, and he urges us to remand for clarification of the court's sentencing order. He further asserts that his sentence is inappropriate in light of the nature of the offense and his character. Finding no abuse of discretion and that remand for clarification is unnecessary, and further concluding that McNeal cannot meet his burden to demonstrate that his sentence is inappropriate, we affirm.

# Facts and Procedural History

On March 2, 2017, McNeal was driving a vehicle without a license plate. As an officer attempted to make a traffic stop, McNeal threw an object out the window, which was later determined to be a 9mm handgun. McNeal did not have a license to carry the handgun, and he had prior felony convictions within the last fifteen years.

The State charged McNeal with level 5 felony carrying a handgun without a license and class A misdemeanor carrying a handgun without a license. Pursuant to a written plea agreement, McNeal pled guilty to the level 5 felony. The parties agreed that, although sentencing was left to the trial court's discretion, his sentence would be capped at a maximum of three years, the

advisory sentence for a level 5 felony. Following a hearing, the trial court imposed a three-year sentence. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion. Its sentencing statement is neither ambiguous nor inadequate, and remand for clarification is unnecessary.

[4]     McNeal contends that the trial court abused its discretion in issuing an ambiguous and inadequate sentencing statement, and he invites us to remand to the trial court for clarification. Specifically, he complains that the court's oral sentencing statement is inconsistent with the court's written sentencing statement because, in the oral statement, the court found two aggravating circumstances and one mitigating circumstance, but the court's written statement includes a finding that "the mitigating circumstances outweighed the aggravating circumstances." Appellant's App. Vol. 2 at 55.

[5]     We begin by noting that "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court." *Webb v. State*, 941 N.E.2d 1082, 1088 (Ind. Ct. App. 2011), *trans. denied*. Trial courts "may abuse [their] discretion by issuing an inadequate sentencing statement, finding aggravating or mitigating factors that are not supported by the record, omitting

factors that are clearly supported by the record and advanced for consideration, or by finding factors that are improper as a matter of law." *Id*.

[6] "When oral and written sentencing statements conflict, we should examine them together to discern the intent of the sentencing court." *Walker v. State*, 932 N.E.2d 733, 738 (Ind. Ct. App. 2010). "Rather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the conclusions of the trial court." *Dowell v. State*, 873 N.E.2d 59, 60 (Ind. 2007) (quoting *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007)). Where the two statements conflict, this Court has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. *McElroy*, 865 N.E.2d at 589.

[7] Here, both the oral and written sentencing statements (as well as the abstract of judgment) impose precisely the same three-year sentence. McNeal complains that the trial court's reasons for imposing that sentence are ambiguous and inadequate due to the inconsistency between the two statements. However, having examined both statements, we believe that the trial court's oral statement accurately and adequately pronounces its reasons for the sentence imposed, and therefore remand is unnecessary. It is apparent from its oral statement that, in imposing sentence, the trial court relied on two aggravating circumstances—McNeal's criminal history and his numerous failed attempts at probation—and one mitigating circumstance—recent positive changes he has made in his life. The trial court went further to explain on the record that a three-year sentence was more than justified based on its consideration of those

circumstances, specifically noting disagreement with the plea agreement's sentencing cap in stating, "on the face of it you really deserve more time than this." Tr. Vol. 2 at 31. Therefore, we conclude that the trial court's finding that "the mitigators outweighed the aggravators" in its written statement was simply a clerical error. Because the trial court's intent is clear, and the oral statement includes a reasonably detailed recitation of the court's reasons for imposing the three-year sentence, we find no abuse of discretion and no need to remand for clarification.

## Section 2 – McNeal cannot meet his burden to demonstrate that his sentence is inappropriate.

[8] McNeal next claims that his sentence is inappropriate and invites this Court to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id*. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime,

the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. In conducting our review, the question "is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). Our Supreme Court has cautioned that "[a] defendant's conscious choice to enter a plea agreement that limits the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness," and that following such an agreement, we should grant relief "only in the most rare, exceptional cases." *Childress*, 848 N.E.2d at 1081 (Dickson, J., concurring).

[9] This is not one of those exceptional cases. McNeal pled guilty to a level 5 felony that generally carries a sentencing range between one and six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6. The plea agreement capped McNeal's sentence at the advisory term of three years. Clearly, at the time he entered into the plea agreement, McNeal believed that a sentence of three years for his crime was reasonable and appropriate. Therefore, he cannot now complain that the same sentence is inappropriate. Accordingly, we affirm.

[10] Affirmed.

Najam, J., and Pyle, J., concur.