## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 13 2018, 9:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher S. Goble,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 13, 2018

Court of Appeals Case No.
18A-CR-1414

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1603-F6-247

**Crone, Judge.**

## Case Summary

Christopher S. Goble appeals the trial court's revocation of his probation and imposition of his previously suspended sentence. He asserts that the trial court lacked the statutory authority to revoke probation or, in the alternative, that the evidence is insufficient to support revocation. Concluding that the trial court had authority and that the evidence is sufficient, we affirm.

## Facts and Procedural History

In March 2016, the State charged Goble with level 6 felony unlawful possession of a syringe, level 6 felony attempt to obtain a controlled substance by fraud or deceit, level 6 felony forgery, and class A misdemeanor theft. Pursuant to a plea agreement, Goble pled guilty to level 6 felony unlawful possession of a syringe and class A misdemeanor theft in exchange for the dismissal of the remaining charges. The trial court sentenced him to concurrent, suspended sentences of 931 days for the level 6 felony (with 122 executed/credit days and 791 days suspended to supervised probation) and 365 days for the class A misdemeanor (with 122 executed/credit days and 243 days suspended to supervised probation).

On November 20, 2016, the State filed a petition to revoke Goble's probation. The parties subsequently entered into a plea agreement, whereby Goble admitted to violating his probation by being arrested for a new crime and failing to notify his probation officer. The parties agreed that Goble would serve 365

days of his previously suspended sentence. The trial court entered its order accordingly on February 7, 2017.

[4] The State filed a second petition to revoke Goble's probation on January 24, 2018. Among the violations, the State alleged that Goble failed to report to probation as required after his release from jail, and further that Goble committed and was charged with a new crime, level 6 felony theft, on January 23, 2018. Goble moved to dismiss the petition to revoke claiming that he was not on probation at the time of the alleged violations. The trial court subsequently denied the motion to dismiss. Following a factfinding hearing held in March 2018, the trial court found that Goble violated his probation and ordered him to serve the remaining 426 days of his previously suspended sentence. Goble filed a motion to correct error which the trial court denied. This appeal ensued.

## Discussion and Decision

[5] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). A person's probation may be revoked if "the person has violated a condition of probation during the probationary period." Ind. Code § 35-38-2-3(a)(1). Probation revocation is a two-step process. "First, the court must make a factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the

trial court must determine if the violation warrants revocation of the probation." *Vernon v. State*, 903 N.E.2d 533, 537 (Ind. Ct. App. 2009) (citations omitted), *trans. denied*. Once a trial court has concluded that probation has been violated, it may continue the defendant on probation, extend the probationary period for not more than one year beyond the original period, or order all or part of the previously suspended sentence to be executed. Ind. Code § 35-38-2-3(h).

## Section 1 – The trial court had statutory authority to revoke Goble's probation.

Goble first argues that the trial court lacked the statutory authority to revoke his probation because he was no longer on probation at the time of the January 2018 alleged violations. Specifically, Goble asserts that his probation was terminated during the February 2017 prior revocation proceeding, and thus the January 2018 alleged violations did not occur during a probationary period. The trial court disagreed, and so do we.

Goble complains that the court's February 2017 oral revocation sentencing statement is inconsistent with its written sentencing statement which caused confusion regarding whether his probation was terminated or continued. As noted by Goble, the February 2017 oral and written revocation sentencing statements were entered by a senior judge and not by the current trial judge. Where, as here, the trial court makes a determination on a paper record, this Court is in as good a position as the trial court to determine the force and effect of the evidence, and under those circumstances, our review is de novo. *In re*

*Adoption of C.B.M.*, 992 N.E.2d 687, 691 (Ind. 2013). Because the trial judge in this case neither viewed Goble's February revocation hearing firsthand nor personally drafted the resulting written orders, its conclusions regarding the senior judge's intent are based on the same paper records now before this Court. Therefore, we are in as good a position as the trial judge was to determine whether the senior judge intended that Goble's probation be terminated. Upon such review, we determine that the senior judge did not intend that Goble's probation be terminated.

[8] "When oral and written sentencing statements conflict, we should examine them together to discern the intent of the sentencing court." *Walker v. State*, 932 N.E.2d 733, 738 (Ind. Ct. App. 2010). "Rather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the conclusions of the trial court." *Dowell v. State*, 873 N.E.2d 59, 60 (Ind. 2007) (quoting *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007)).

[9] Here, both the oral and written revocation sentencing statements (as well as the abstract of judgment) revoked and ordered executed precisely the same 365-day previously suspended sentence. However, the statements are conflicting because the oral statement indicated that probation terminated upon completion of that sentence, whereas the written statement indicated that probation continued. Notably, both statements fail to specifically account for the remaining balance, which was quite large, of Goble's previously suspended sentence. Contrary to Goble's assertion, the balance of his suspended sentence

did not somehow just disappear. Indeed, nothing in Goble's revocation plea agreement or the revocation proceedings provides for a modification of Goble's original sentence. As a practical matter, because his original sentence was never modified, the balance of his suspended sentence would certainly remain upon completion of his executed sentence. Having examined both sentencing statements and the totality of the circumstances presented, we believe that the clear intent was that Goble remain on probation with regard to the balance of his suspended sentence, and thus the January 2018 alleged violations occurred during a probationary period.[1] Accordingly, the trial court had statutory authority to revoke Goble's probation.

## Section 2 – Sufficient evidence supports the trial court's revocation of probation.

[10] Goble maintains that insufficient evidence supports the revocation of his probation. An alleged probation violation need be proven only by a preponderance of the evidence. *Pitman v. State*, 749 N.E.2d 557, 559 (Ind. Ct. App. 2001), *trans. denied*. Moreover, violation of a single condition of probation is sufficient to revoke probation. *Id*.

---

[1] [1] Despite this belated claim of confusion regarding the status of his probation, at no point did Goble alert the trial court to the conflict between its oral and written sentencing statements and request that the statements be clarified and reconciled. We note that "it is in the best interests of all parties that sentencing errors be immediately discovered and corrected." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). In general, such errors are most appropriately presented in a motion to correct error or in a direct appeal from the sentencing judgment. *Id*.

[11]     Here, among other things, the State alleged that Goble violated the rule of probation which states, "You are required to report [to] the Probation Department as directed." Appellant's App. Vol. 2 at 55. The record indicates that Goble was released from jail on July 24, 2017, and failed to report to probation. Indeed, probation officer Laura Rood testified that she had no contact with Goble between July 2017 and January 2018. This evidence is sufficient to support the revocation of probation.

[12]     Affirmed.

Najam, J., and Pyle, J., concur.