# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 05 2018, 8:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Xavier D. Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 5, 2018<br><br>Court of Appeals Case No.<br>18A-CR-406<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Thomas Newman Jr., Judge<br><br>Trial Court Cause No.<br>48C03-1612-F1-2482 |

**May, Judge.**

[1]    Xavier D. Jones appeals the denial of his motion to correct alleged errors

arising from the proceedings resulting in his convictions of Level 1 felony

attempted child molesting[1] and Level 4 felony child molesting.[2]  Specifically, Jones asserts the court should have granted his motion to correct error because:

1.  J.G.'s testimony was incredibly dubious, rendering his convictions unsupported by sufficient evidence; and

2.  Juror misconduct denied him a fair trial.

We affirm.

# Facts and Procedural History

[2] Jones and Tiffany Fuller were in a relationship.  In September 2015, Jones moved in with Fuller and her three children.  Jones did not work at the time and watched Fuller's children while Fuller was at work.  In September, soon after Jones moved in, Jones molested J.G., who at the time was ten.  This occurred intermittently until July 2016.  On November 14, 2016, J.G. told Fuller what Jones did to her.

[3] On December 6, 2016, the State charged Jones with three counts of Level 1 felony attempted child molestation and one count of Level 4 felony child molestation.  On November 2, 2017, a jury found Jones guilty of two counts of attempted child molestation and one count of child molestation.  Prior to

---

[1] Ind. Code § 35-42-4-3(a) (2015).

[2] Ind. Code § 35-42-4-3(b) (2015).

sentencing, Jones filed a motion to correct error in which he requested a new trial. After hearing evidence and taking the matter under advisement, the trial court denied Jones' motions and sentenced Jones to forty years.

# Discussion and Decision

[4] We review the denial of a motion to correct error, or a motion for a new trial, for an abuse of discretion. *Tancil v. State*, 956 N.E.2d 1204, 1208 (Ind. Ct. App. 2011) (addressing both motion to correct error and motion for a new trial), *trans. denied*. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. We do not reweigh the evidence and we consider conflicting evidence in a light most favorable to the trial court's ruling." *Heyen v. State*, 936 N.E.2d 294, 299 (Ind. Ct. App. 2010), *trans. denied*. Jones alleges his motion to correct error was improperly denied because the State did not present sufficient evidence and because juror misconduct rendered his trial proceedings unfair.

## Incredible Dubiosity

[5] Jones argues there was insufficient evidence to support his convictions. When considering the sufficiency of evidence, "a reviewing court does not reweigh the evidence or judge the credibility of the witnesses." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id*. at 126 (internal citation omitted).

[6] In particular, Jones claims the evidence was insufficient because J.G.'s testimony was incredibly dubious. "Under the incredible dubiosity rule, a court will impinge upon the jury's responsibility to judge the credibility of witnesses only when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity." *Tillman v. State,* 642 N.E.2d 221, 223 (Ind. 1994). "Application of this rule is limited to cases . . . where a sole witness presents inherently contradictory testimony [that] is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt." *Id.*

[7] During cross-examination, J.G. was confronted with statements she made during her interview at Kids Talk[3] that were inconsistent with her trial testimony. J.G. testified she did not remember making those statements during the interview. (Tr. Vol. II at 5). Although J.G's trial testimony was inconsistent with her pre-trial statements, she did not contradict herself on the stand. Trial testimony is not incredibly dubious simply because it contradicts pre-trial statements. *See Davenport v. State*, 689 N.E.2d 1226, 1230 (Ind. 1997) (although witness contradicted his pre-trial statements, his testimony was not incredibly dubious because he did not contradict himself while testifying), *clarified on reh'g on other grounds,* 696 N.E.2d 870 (Ind. 1998).

---

[3] Kids Talk is a child advocacy center in Madison County. Kids Talk operates as a neutral location where children are interviewed about allegations of mistreatment. (Tr. Vol. II at 47-48.) J.G was interviewed at Kids Talk on November 15, 2016. (*Id*. at 53.)

The jury was made aware of the inconsistencies between J.G's testimony and her pretrial statements. The jury is to weigh the evidence and assess the credibility of witnesses in light of such inconsistencies. *See id* at 1231 (jury allowed to evaluate testimony inconsistent with pretrial statements, and inconsistencies do not automatically render testimony incredibly dubious). J.G.'s testimony was sufficient to support Jones' convictions. *See, e.g., Wolf v. State*, 76 N.E.3d 911, 916 (Ind. Ct. App. 2017) (holding testimony inconsistent with prior statements is sufficient to support conviction). Accordingly, the trial court did not err when it denied Jones' motion to correct error based on this argument.

## Juror Misconduct

Jones also argues his trial was prejudiced by juror misconduct. Jones filed multiple affidavits regarding a post-trial conversation between a juror and Jones' attorney. In one affidavit, the witness averred she heard a juror ask Jones' attorney, "Why didn't the defendant testify?" (App. Vol. II at 142.) Jones' attorney explained Jones did not testify because he had a prior conviction of armed robbery. The juror replied: "That's what I thought." (*Id*.) The other two other affidavits Jones filed with his motion to correct error reported similar information. Jones claims this information demonstrates the jury ignored the court's instruction to not consider Jones' potential criminal history during deliberations and he was prejudiced thereby.

"A defendant seeking a new trial because of juror misconduct must show that the misconduct (1) was gross and (2) probably harmed the defendant." *Griffin v. State*, 754 N.E.2d 899, 901 (Ind. 2001), *clarified on reh'g on other grounds*, 763 N.E.2d 450 (Ind. 2002). "We review the trial court's determination for abuse of discretion, with the burden on the appellant to show the existence of misconduct, and that it meets the prerequisites for a new trial." *Id.*

Jones notes Indiana Evidence Rule 606(b) would permit a trial court to allow a juror to testify about the jury's deliberation process if extraneous prejudicial information was improperly brought to the jury's attention. However, Jones has not presented any evidence demonstrating the jury *actually* considered his criminal history during the deliberations. The juror's inquiry into why Jones did not testify came after trial during a discussion with the trial court and attorneys about the case, and that juror's speculation about why Jones did not testify is not synonymous with the jury speculating about Jones' criminal history. Even if the jury had speculated as to why Jones did not testify, that speculation is not enough to permit impeachment of the jury's verdict under Indiana Evidence Rule 606(b). *See Dowell v. State*, 865 N.E.2d 1059, 1067 (Ind. Ct. App. 2007) (jury's speculation during deliberation that defendant had criminal history insufficient to permit impeachment of jury's verdict), *aff'd in part and rev'd in part on other grounds,* 873 N.E.2d 59 (Ind. 2007). Because Jones did not demonstrate the jury relied upon extraneous prejudicial information, he was not entitled to a new trial on this basis. *See Ramirez v. State*, 7 N.E.3d 933,

940 (Ind. 2014) (defendant not entitled to new trial after failing to prove juror misconduct).

# Conclusion

[12] Because J.G.'s testimony was not incredibly dubious and there is no proof the jury considered improper prejudicial information during deliberations, the trial court did not abuse its discretion when it denied Jones' motion to correct error. Accordingly, we affirm.

[13] Affirmed.

Baker, J., and Robb, J., concur.