## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 26 2019, 8:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Calvin A. Lowe,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 26, 2019

Court of Appeals Case No.
19A-CR-574

Appeal from the Tippecanoe
Circuit Court

The Honorable Sean M. Persin,
Judge

Trial Court Cause No.
79C01-1808-F5-152

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Calvin Lowe (Lowe), appeals his sentence following his guilty plea to attempted burglary, Ind. Code §§ 35-43-2-1, 35-41-5-1, a Level 5 felony; resisting law enforcement using a vehicle, I.C. §§ 35-44.1-3-1(a)(3), 35-44.1-3-1(b)(1)(A), a Level 6 felony; and to being an habitual offender, I.C. § 35-50-2-8(a).

We affirm.

# ISSUE

Lowe presents one issue on appeal, which we restate as: Whether remand is necessary for resentencing due to an inconsistency between the trial court's oral and written sentencing statements.

# FACTS AND PROCEDURAL HISTORY

On August 10, 2018, Lowe attempted to open the doors of a business, La Zacatecana,[1] in Lafayette, Indiana, when it was closed and without the permission of the owners. Lowe intended to commit a theft inside the business if he had been successful at entering. When officers of the Lafayette Police Department responded to an alarm signal, Lowe fled from them in his vehicle, despite the fact that he was aware that the officers were in pursuit. According to the probable cause affidavit filed in this case, officers noticed that the doors

---

[1] This business is referred to as "La Sacatina" in the transcript. (Transcript Vol. II, p. 22).

of two other businesses located in the same plaza as La Zacatecana "had their locks punched out and appeared to have been tampered with." (Appellant's App. Vol. II, p. 54).

[5] On August 15, 2018, the State filed an Information, charging Lowe with three Counts of attempted burglary and one Count of resisting law enforcement using a vehicle. In a separate Information, the State alleged that Lowe was an habitual offender. On December 14, 2018, Lowe pleaded guilty to one Count of attempted burglary, resisting law enforcement using a vehicle, and to being an habitual offender due to having three prior, unrelated felony convictions in the state of Illinois, two for forgery and one for theft.

[6] The presentence investigation report (PSI) revealed that Lowe had a total of five prior felony convictions—three for forgery, one for burglary, and one for theft. Lowe had violated his probation on three occasions, and he was on parole in Illinois for one of his forgery convictions when he committed the instant offenses. Lowe also had a felony theft case pending in Illinois. Lowe reported having been diagnosed with bipolar disorder in 1998. The presentence investigator recommended that the aggravating factors for sentencing were Lowe's criminal history and that he had recently violated the conditions of his parole. The presentence investigator found no mitigating circumstances. The presentence investigator recommended that the trial court impose a five-year sentence on the attempted burglary conviction, enhanced by two years for being an habitual offender, and a two-year sentence on the resisting law enforcement

conviction, all to be served consecutively, for an aggregate sentence of nine years.

[7] On February 8, 2019, the trial court held Lowe's sentencing hearing. The State argued that the mitigating circumstances were Lowe's guilty plea and his expressions of remorse but that the significance of the guilty plea was lessened due to the benefit he gained in the dismissal of the other two burglary charges. The State argued that the aggravating circumstances were Lowe's criminal history, his recent violation of the conditions of his parole, and the nature of the offense, in that Lowe planned to commit the burglary and came to Lafayette expressly to steal from businesses there. During his allocution Lowe told the trial court that the offenses were the result of a negative mental health episode and stated that "I'm just so embarrassed, I've never done anything like this before, I feel ridiculous that it happened . . . ." (Tr. Vol. II, p. 34).

[8] In its oral sentencing statement, the trial court found that, due to Lowe's criminal history, it was "struggling" with accepting his explanations for the offenses. (Tr. Vol. II, p. 42). The trial court also noted that Lowe had planned the burglary and that those who plan burglaries are aware that, if they are caught, they will go to prison. The trial court explained as follows:

> That's kind of where I'm at and you got caught, and you tried to
> run and now is the date of sentencing and it's hard to look at
> those cases and say well probation is appropriate or let's suspend

the sentence and because you knew exactly what you're getting into unfortunately. When this all occurred.[2]

(Tr. Vol. II, p. 44).

[9] The trial court found as aggravating circumstances Lowe's criminal history and his recent violation of parole. The trial court found Lowe's guilty plea to be "significant" as a mitigator. (Tr. Vol. II, p. 45). The trial court also found Lowe's mental health to be a mitigating circumstance but that it "may have played some part of this, not all of it. You knew what you were doing." (Tr. Vol. II, p. 45). The trial court stated, "I believe the aggravators outweigh the mitigating factors" and accepted the sentencing recommendations contained in the PSI. (Tr. Vol. II, p. 45). The trial court sentenced Lowe to five years for the attempted burglary and enhanced that sentence by two years for being an habitual offender. The trial court sentenced Lowe to two years for resisting law enforcement and ordered Lowe to serve all sentences consecutively, for an aggregate sentence of nine years. The trial court also suspended two years to probation. Prior to concluding the hearing, the trial court noted that the premeditated nature of the crime and Lowe's apparent targeting of a "vulnerable" business community required serious repercussions and merited the sentence imposed. (Tr. Vol. II, p. 46). In its written sentencing statement,

---

[2] These statements are attributed to Lowe in the transcript. However, it is evident from the context of the remarks that it is the trial court making them, not "the Defendant". (Tr. Vol. II, p. 44).

the trial court imposed the same sentence but found that the "mitigating factors outweigh the aggravating factors." (Appellant's App. Vol. II, p. 18).

[10] Lowe now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[11] Lowe contends that the trial court erred when it imposed enhanced, consecutive sentences after finding in its written sentencing statement that the mitigating circumstances outweighed the aggravating circumstances. However, Lowe also acknowledges that the trial court found in its oral sentencing statement that the aggravators outweighed the mitigators. As a general rule, we review a trial court's imposition of sentence only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). A trial court may abuse its discretion by entering a sentencing statement that explains the imposition of the sentence with reasons that are not supported by the record or by giving reasons that are improper as a matter of law. *Id*. at 490-91. When a trial court issues conflicting sentencing statements, "[r]ather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the conclusions of the trial court." *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007). If the two statements truly conflict, the court may credit the statement that accurately pronounces the sentence, or it may remand for resentencing. *Id*.

[12] Lowe urges us that remand is necessary because "if the trial court found that the mitigating factors outweighed the aggravating factors, then the imposition

of enhanced sentences would be highly inappropriate." (Appellant's Br. p. 8). Lowe offers a similar argument regarding the trial court's imposition of consecutive sentences. However, Lowe does not develop any argument that the mitigating circumstances actually outweighed the aggravating ones, and his argument ignores that we have the option of assessing the conflicting statements and crediting the one which we find accurately pronounces the sentence. *McElroy*, 865 N.E.2d at 589.

[13] Here, the trial court imposed identical sentences in its oral and written sentencing statements. Our examination of both statements leads us to conclude that the trial court's oral statement accurately pronounced the sentence. In its oral sentencing statement, the trial court found two aggravating circumstances, namely Lowe's criminal history and his recent parole violation, and it stated that his premeditation and selection of a "vulnerable" victim merited the sentence imposed. (Tr. Vol. II, p. 46). While the trial court found Lowe's guilty plea to be significant, it found his mental illness to be less so because, while it may have played a role, he was still aware of his conduct. In addition, the trial court adopted the sentencing recommendations of the probation department's investigator, who found no mitigating circumstances, which also leads us to conclude that the trial court did not accord overriding weight to the mitigators it found. In short, we find that the trial court's inconsistent statements regarding the mitigating and aggravating circumstances were merely an oversight or a clerical error and that its intent to impose enhanced, consecutive sentences is sufficiently clear in the record that remand is

not necessary. *See Dowell v. State*, 873 N.E.2d 59, 60-61 (Ind. 2007) (applying *McElroy* and resolving conflicting sentencing statements after a comparison rather than remanding for resentencing).

# CONCLUSION

Based on the foregoing, we conclude that the trial court intended to find that the aggravators outweighed the mitigators for sentencing and that remand is not necessary to clarify the trial court's reasons for the imposition of its sentence.

Affirmed.

Vaidik, C. J. and Bradford, J. concur